UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIRE STOP SYSTEMS, INC., a Florida
corporation

        Plaintiff,

v.                              Case No:  2:15-cv-449-FtM-38CM

LIBERTY MUTUAL INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Liberty Mutual Insurance Company's Motion to Dismiss for Improper Venue or Alternatively to Transfer Venue from Fort Myers Division to Orlando Division (Doc. #16) filed on September 14, 2015.  With leave of Court, Plaintiff Fire Stop Systems, Inc. filed an Opposition to Defendant's Motion on October 26, 2015.  ((Doc. #22; Doc. #18; Doc. #21).  Defendant's motion is ripe for review.

## BACKGROUND

This action arises from the reconstruction of the Florida Citrus Bowl Stadium in Orlando, Florida.  (Doc. #1 at ¶ 11; Doc. #16-2).  The City of Orlando hired Turner Construction Company to design and reconstruct the stadium.[2]  (Doc. #1 at ¶ 11).  Plaintiff

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Fire Stop served as a subcontractor on this job. (Doc. #1 at ¶ 15). In accordance with Florida Statute § 255.05, Turner Construction and Defendant Liberty Mutual executed a surety bond in favor of the City of Orlando that secures payment of all persons performing labor and providing materials in connection with the project. (Doc. #1 at ¶¶ 12-13).

Plaintiff now brings this action against Defendant Liberty Mutual to recover under the bond for alleged amounts due to it. (Doc. #1 at ¶¶ 19-21). Defendant responds that venue should be transferred to the Orlando Division of the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). (Doc. #16). Plaintiff opposes the transfer. (Doc. #22).

## DISCUSSION

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). A district court has broad discretion in deciding whether to transfer an action to a more convenient forum. *See Testa v. Grossman*, No. 5:15-cv-321, 2015 WL 6153743, at *2 (M.D. Fla. Oct. 19, 2015).

Middle District of Florida Local Rule 1.02 serves as a companion to § 1404. It provides that "[a]ll civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." M.D. Fla. R. 1.02(c). In addition, the district court "may, within its discretion, or upon good cause showed by any interested party, order that any case . . . be transferred from one Division to any other Division for trial[.]" *See* M.D. Fla. Local

---

[2] The City of Orlando and Turner Construction Company are non-parties to this action.

R. 1.02(e); *see also* 28 U.S.C. § 1404(b) (stating a court may transfer, in its direction, a civil case to any other division in the same district). Pertinent here, the Orlando Division includes Orange County, Florida. See M.D. Fla. R. 1.02(b)(3).

Because federal courts normally afford deference to a plaintiff's choice of forum, the burden is on the moving party to show that the suggested forum is more convenient or that litigation there would be in the interest of justice. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) ("[I]n the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient."). A district court has "broad discretion in weighing the conflicting arguments as to venue." *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988). As such, the decision to transfer a case pursuant to § 1404(a) should be based on "an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted).

In resolving a § 1404(a) motion, the district court first determines whether the action could have originally been brought in the proposed district of transfer, and, if so, the court then weighs the convenience of the parties and considers the interests of justice to determine whether a transfer is appropriate. Here, it is undisputed that this action could have been brought in the Orlando Division. As such, the Court need only decide whether, out of convenience to the parties and in the interests of justice, it should transfer this action.[3] To make this decision, the Court considers the following factors:

---

[3] The Supreme Court recently held that Rule 12(b)(3) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint on the basis of a contractual choice of forum only when venue is "wrong" or "improper" under the requirements of federal venue laws, specifically 28 U.S.C. §1391. *See Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.,* 134 S.Ct. 568 (2013); 28 U.S.C. § 1391(b) (governing venue for civil actions brought in district courts of the United States). Since Defendant concedes that venue is proper within the Middle District of Florida and only seeks to transfer this case within this

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted). Upon carefully balancing the foregoing factors, the Court finds that factors one, four, and nine all weigh in favor of transferring this case to the Orlando Division, and factors three, five, six, and seven are neutral.[4]

Starting with factor one, the convenience of the witnesses "pertains to the convenience of non-party witnesses" and "its significance is diminished when the witnesses . . . are employees of a party and their presence at trial can be obtained by that party." *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, No. 8:10-cv-1013, 2010 WL 5643471, at *3 (M.D. Fla. Nov. 3, 2010). Thus, the fact that Plaintiff intends to call its employees as its own witnesses carries little weight in this analysis. (Doc. #22 at 5).   Focusing on non-party witnesses, the Orlando Division is undoubtedly more convenient for the City of Orlando and Turner Construction, who are the likely candidates to supply any outside witnesses. See *Worch v. Delta Air Lines, Inc.*, No. 8:13-cv-660, 2013 WL 3975726, at *2 (M.D. Fla. Aug. 1, 2013) ("The convenience of the forum

---

district, the Court will limit its discussion to 28 U.S.C. § 1404(a) and Middle District of Florida Local Rule 1.02(c).

[4] Taking the relative means and convenience of the parties together, both parties are corporations that have decidedly chosen to do business relevant to this action in Orlando Division, and neither party contends that it would be more expensive to litigate in one Division or the other. See *Bennett Eng'g Grp., Inc. v. Ashe Indus., Inc.*, No. 6:10-cv-1697, 2011 WL 836988, at *2 n.3 (M.D. Fla. Mar. 8, 2011). Therefore, the Court need not consider the third and sixth factors. Similarly, neither party argues that the availability of process to compel the attendance of unwilling witnesses is an issue in this case, and the Fort Myers Division and the Orlando Division are equally familiar with the governing law; therefore, factors five and seven are not applicable. See *id.*

for witnesses is generally considered the single most important factor in the analysis of whether a transfer should be granted.").

The locus of operative facts also indicates that the Orlando Division is the more convenient forum. Plaintiff seeks to collect for services it rendered on the Citrus Bowl Stadium in Orlando, and the bond on which Plaintiff is trying to collect on was executed in Orlando. (Doc. #16-1). Conversely, none of the events that directly give rise to the bond or its collection occurred in the Fort Myers Division. *See* M.D. Fla. R. 1.02(c) (requiring, in part, that litigants commence actions in the "Division encompassing the county or counties having the greatest nexus with the cause").

Although Plaintiff's choice of forum is given due consideration, it "is accorded lesser weight where the choice of forum lacks any significant connection with the underlying claim." *Silong v. United States*, No. 5:05-cv-55, 2006 WL 948048, at *1 (M.D. Fla. April 12, 2006) (citations omitted). Other than Plaintiff having its principal place of business in Naples, Florida, the Orlando Division has the greatest nexus to this case. *See Worch*, 2013 WL 3975726, at *2 ("'[T]he.'" (citation omitted)). Thus, Plaintiff's choice of forum does not alone offset the transfer.

Regarding location of documents, Plaintiff argues that its relevant documents are located in Fort Myers. While this may be the case, there is no need to subpoena its documents because they are party documents and presumably will be produced during the normal course of discovery. Moreover, the location of records is accorded little weight due to modern technology and the advances in electronic document imaging and retrieval, which generally minimizes any burden of document production. *See Silong*, 2006 WL 948048, at *3 ("Courts have recognized that the location of records should be

accorded little weight due to advances in copying technology and the ease of transporting documents." (footnote omitted)).

On balance then, the above factors weigh in favor of transferring this action to the Orlando Division. The locus of operative facts, the convenience of non-party witnesses, trial efficiency, and the interests of justice all weigh in favor of transfer, while the other factors are, at best, neutral. Accordingly, the Court will transfer this case to the Orlando Division.

Outside the § 1404(a) convenience factors, Defendant argues that the forum selection clause in the Construction Management Agreement that Turner Construction and the City of Orlando executed mandates that this case be litigated in the Orlando Division. (Doc. #16). Assuming for purposes of this motion that the clause applies to Plaintiff, the forum selection language is discretionary rather than obligatory:

> [u]nless the parties otherwise agree, if a Claim has not been settled or resolved within sixty (60) days after the initial meeting of Construction Manager's project manager and Program Manager and Advisor, as applicable, then either party *may* pursue its claim by litigation in a court of competent jurisdiction located in Orange County, Florida.

(Doc. #16-2, Ex. G; Doc. #16-3) (emphasis added); *see Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012) ("A forum selection clause may be either 'mandatory' or 'permissive' in nature."); *ASPTO, LLC v. JBI, Inc.* No. 8:13-cv-1336, 2013 WL 6002857, at *1 (M.D. Fla. Nov. 12, 2013) (finding the forum selection clause, "Venue shall be set in the State or Federal Courts of or nearest Cambridge Massachusetts" to be a mandatory venue clause). Although the Court declines to enforce the foregoing clause here, it does suggests an intent for matters related to the Citrus Bowl reconstruction project and surety bond to be litigated in Orlando.


In conclusion, in consideration of convenience and fairness, the Court will transfer this case to the Orlando Division.

Accordingly, it is now

**ORDERED:**

(1) Defendant Liberty Mutual Insurance Company's Motion to Dismiss for Improper Venue or Alternatively to Transfer Venue from Fort Myers Division to Orlando Division (Doc. #16) is **GRANTED**.

(2) The Clerk of Court is directed to **TRANSFER** this case to the **Orlando Division** of the United States District Court for the Middle District of Florida.  The Clerk shall terminate all deadlines, any pending motions, and close the Fort Myers case file.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of November 2015.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record